IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MATRIX FINANCIAL SERVICES
CORPORATION,

       Plaintiff,

v.                                              Case No.:  3:16-cv-09438

JAMES C. HALL, III;
UNITED STATES DEPARTMENT
OF TREASURY, INTERNAL
REVENUE SERVICE;
WEST VIRGINIA DEPARTMENT
OF TAX AND REVENUE,

       Defendants.

## MEMORANDUM OPINION and ORDER GRANTING DEFAULT JUDGMENT and REFORMING DEED OF TRUST

       Plaintiff Matrix Financial Services Corporation ("Matrix") filed the instant action seeking an Order from the court reforming a Deed of Trust. (ECF No. 1). Pending before the Court is Matrix's Motion for Order Granting Default Judgment Against Defendant James C. Hall III and Reforming Deed of Trust, and its Memorandum of Law in support of its request for entry of default judgment against defendant James C. Hall, III, ("Hall"). Defendants United States Department of Treasury, Internal Revenue Service, and West Virginia Department of Tax and Revenue do not oppose the requested relief as indicated by the signatures of their respective counsel to the Motion requesting relief. The parties have consented to disposition of this action by a United States Magistrate Judge. (ECF No. 17 at 3). Therefore, for the reasons that follow, the Court **GRANTS** the Motion for

Default Judgment against James C. Hall, III, and further **GRANTS** the relief sought by Matrix and consented to by the United States Department of Treasury, Internal Revenue Service, and the West Virginia Department of Tax and Revenue.

## I.    Relevant History

According to the Complaint, on March 31, 2008, defendant Hall executed a Deed of Trust, granting a security interest in real property located at 2219 Jefferson Avenue, Point Pleasant, West Virginia to secure repayment of a loan obtained by Hall from Flagstar Bank. (ECF No. 1). The Deed of Trust explicitly referenced a legal description of the real property, which was supposed to be attached to the Deed of Trust, but when the Deed of Trust was recorded with the Clerk of the County Commission of Mason County, West Virginia, the legal description was not attached. (*Id.*).

In 2011, Flagstar Bank became aware that the legal description of the real property was inadvertently omitted when the Deed of Trust was recorded. Therefore, a Corrective Deed of Trust was recorded on June 10, 2011, which had the legal description attached. However, Flagstar Bank failed to obtain Hall's acknowledgment of the Corrective Deed before recording it. (*Id.*).

In December 2015, Matrix was assigned the Deed of Trust. Recognizing that Hall's acknowledgment was missing from the Corrective Deed of Trust, Matrix filed the present civil action seeking to reform the original Deed of Trust recorded in 2008 to attach the legal description that should have been included at the time of recording. Matrix claims that reformation of the original Deed of Trust will remove any potential impediment to title and will allow Matrix to obtain the contemplated benefits of the Deed of Trust. (*Id.*). Matrix joined the United States Department of Treasury, Internal Revenue Service, and the West Virginia Department of Tax and Revenue as defendants, because each entity has

a recorded tax lien against Hall. (*Id.*).

Hall was personally served with the summons and complaint in this case on December 13, 2016. (ECF No. 14). On January 25, 2017, Hall participated in a Rule 26(f) meeting, in which he and the other parties consented to resolution of the case by a United States Magistrate Judge. (ECF No. 17 at 3, 5). On February 1, 2017, the parties stipulated that Hall would have an extension through and including March 1, 2017 in which to answer or otherwise respond to the complaint. Despite receiving the extension, Hall never filed a responsive pleading or motion.

On May 30, 2017, Matrix filed an application for entry of default. (ECF No. 26). A motion for entry of default judgment was already pending. (ECF Nos. 23). On June 16, 2017, the Clerk of Court entered a default as to defendant Hall and sent a copy of the entry of default to Hall at the address on record. (ECF No. 27). However, the entry was returned undeliverable and with no forwarding address. (ECF No. 28). More than five months have passed since entry of the parties' stipulation of extension and more than three months have passed since Matrix filed its motion seeking an order of default judgment. Consequently, Matrix's motion is ready for disposition.

## II. Discussion

Federal Rule of Civil Procedure 55 sets forth a two-step process for entry of a default judgment. First, the plaintiff, or party seeking default judgment, must request that the Clerk of Court enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after entry of default, the plaintiff must apply for a default judgment. Fed. R. Civ. P. 55(b). When the relief sought is for a sum certain or can be ascertained by computation, the request for default judgment may

be made to the Clerk. However, "[a] plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages." *Lopez v. XTEL Const. Grp., LLC*, No. CIV. PWG-08-1579, 2011 WL 6330053, at \*2 (D. Md. Dec. 16, 2011). In all other instances, the party seeking default must apply to the court, Fed. R. Civ. P. 55(b)(2), and "the complaint must be supported by affidavit or documentary evidence." *Lopez*, 2011 WL 6330053, at \*2. The court may conduct hearings on the motion for default judgment when the court needs to "conduct an accounting;" "determine the amount of damages;" "establish the truth of any allegation by evidence;" or "investigate any other matter." *Id.* If the party against whom a default judgment is sought has appeared personally or by a representative, the party or representative must be given seven days' notice of any hearing.

When the party against whom a default judgment is sought fails to make an appearance or fails to respond to the motion for default judgment, the court must determine if default judgment is appropriate based upon the allegations of the pleading. *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780-81 (4th Cir. 2001). The court must accept well-pleaded factual allegations as true and must evaluate whether the allegations support the relief sought. *Id.* Despite "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005); *Lopez*, 2011 WL 6330053, at \*2 (collecting cases). The decision to enter a default judgment rests within the sound discretion of the court. *Id.* (citing *Dow v. Jones,* 232 F.Supp.2d 491, 494 (D. Md. 2002).

Here, Matrix has provided an affidavit and documentary evidence in support of its Complaint and Motion for Default Judgment. Having reviewed the evidence, the undersigned finds that the allegations of the Complaint are well supported, and a hearing on the matter is not necessary. Furthermore, the record establishes that defendant Hall was served with the Complaint and was fully aware of his obligation to respond to the Complaint no later than March 1, 2017, but failed to do so. Moreover, Matrix served Hall with the Motion for an Order Granting Default Judgment and Reforming Deed of Trust on April 25, 2017, and Hall has made no effort to oppose the motion. Accordingly, the Court **GRANTS** the motion for entry of default judgment against defendant Hall.

### III. Order Reforming Deed of Trust and Dismissing Action

The Court hereby **GRANTS** judgment in favor of Matrix and **ORDERS** as follows:

With the consent of defendants United States Department of Treasury and West Virginia Department of Tax and Revenue, the Deed of Trust executed March 31, 2008 by defendant James C. Hall III and recorded April 4, 2008, in the Office of the Clerk of the County Commission of Mason County, West Virginia, at Book 339, Page 726 is equitably reformed to attach as Exhibit "A" or otherwise include the legal description, which shall read:

> Situate in the City of Point Pleasant, Mason County, West Virginia, and more particularly bounded and described as follows to-wit:
>
> Being Lot No. Ten (10) in Block "T" as designated on the plat of North Point Pleasant which said plat is of record in the Office of the Clerk of the County Court of Mason County, West Virginia in Deed Book 70, at Page 168.

and it is further

**ORDERED** that, by stipulation and agreement, the tax liens recorded by the United States Department of Treasury and the West Virginia Department of Tax and

Revenue against defendant Hall are hereby subordinated to the Deed of Trust as reformed by this Order; and it is further

**ORDERED** that the above reformation is effective as of the date the Deed of Trust was first executed, March 31, 2008; and it is further

**ORDERED** that the Clerk's Office is **DIRECTED** to accept and record a certified copy of this Order to provide notice of the reformation of the Deed of Trust as noted above.

Lastly, because reformation of the Deed of Trust resolves all matters in controversy, the Court **ORDERS** that this matter be **DISMISSED** and **REMOVED** from the docket of the court.

The Clerk is instructed to provide a copy of this Order to James C. Hall, III, and to counsel of record.

**ENTERED:** July 25, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge